IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3042-D

| | |
|---|---|
| JOHN MARVIN BALLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERAL MEDICAL CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On February 28, 2011, John Marvin Ballard ("Ballard" or "plaintiff") filed this action

pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388

(1971) Compl. [D.E. 1]. Thomas names as defendants Tracy Johns and Sara M. Revell, wardens at

the Federal Correctional Complex at Butner, North Carolina ("Butner"); Dr. Karen Steinour,

Butner's Commitment Treatment Program Administrator; Candace Gregory, a Supervisory

Correctional Systems Specialist at Butner; and Mr. K. McKoy, a Butner unit manager. <u>Id.</u> at 2.

Thomas seeks leave to proceed in forma pauperis [D.E. 2]. On May 9, 2011, Ballard filed a motion

for an emergency temporary protective order and for an emergency preliminary injunction [D.E. 4].

Additionally, on May 20 and August 15, 2011, Ballard filed several documents which the court

construes as supplements to his complaint [D.E. 5–8]. As explained below, the court denies the

motion for an emergency temporary protective order and for an emergency preliminary injunction

[D.E. 4], allows the action to proceed in part, directs Ballard to particularize his complaint, and refers

Ballard's in forma pauperis application [D.E. 2] to Magistrate Judge William A. Webb.

In reviewing an in forma pauperis application, a court "shall dismiss" any case that is

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Ballard is a civil detainee awaiting a hearing on the government's petition for his commitment pursuant to 18 U.S.C. § 4248. [D.E. 1] at 3. Ballard alleges multiple claims arising from his detention. First, Ballard alleges that since January 20, 2011, he is prohibited from "send[ing] or receiv[ing] letters except for legal correspondence" which "has prevented [him] from corresponding with those assisting me with research for legal purposes[,]" and he "ha[s] had numerous magazines and books" confiscated. Id. at 3–4. Next, Ballard alleges that he has been prevented from using the telephone, including to call his attorney. [D.E. 4]. Third, Ballard alleges that defendant Johns "placed me in 'the hole' for no reason other than to retaliate against me for the

2

Civil Rights/Bivens claim against him" and that he was "locked up without due process for 15 days straight." [D.E. 6] at 1. Fourth, Ballard claims that a Butner staff member seized and destroyed legal documents relating to both this action and the pending commitment action. Id. Fifth, Ballard alleges he "was locked in a room for 96 HOURS without being able to go outside" and has "not been able to participate in religious services or to receive the Eucharist." [D.E. 7]. Ballard seeks injunctive relief and a "[m]onetary award for pain and suffering." [D.E. 1] at 6–7.

With regard to the named defendants, Ballard alleges generally that "[d]efendant Johns is ultimately responsible for all this as he has authority over his entire staff as warden of the facility." [D.E. 1] at 4. Ballard further alleges that Johns personally imposed the mail restrictions on him and placed him in solitary confinement. [D.E. 1] at 4; [D.E. 6] at 2. Ballard alleges that defendant Steinour "determines what mail I can receive and what publications I can receive" and "has stolen personal property from me and not returned it." [D.E. 1] at 5. Ballard alleges that defendant Gregory "refers my mail to . . . defendant Steinour . . . for review." Id. Ballard alleges that defendant McKoy refused to review Ballard's restricted mail status. Id. at 5–6. Finally, Ballard alleges that defendant Revell "has received numerous letters from my attorney explaining the problems with my mail . . . . . [and] has done nothing to prevent the continued violations of my First Amendment rights[,]" and thus, "it can only be surmized [sic] that she condones and supports the violations" of those rights. Id. at 6.

It does not clearly appear from the face of the complaint that plaintiff is not entitled to relief; thus the court allows his claims to proceed. See, e.g., West v. Schwebke, 333 F.3d 745, 748–49 (7th Cir. 2003). However, Ballard may not proceed as to all the named defendants. As for defendant Revell, "[i]n a . . . Bivens action – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his

3

or her title notwithstanding, is only liable for his or her own misconduct." Iqbal, 129 S. Ct. at 1949; Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). Accordingly, Ballard has failed to state a claim against defendant Revell.

Additionally, Ballard has failed to connect any named defendant to his claims concerning the telephone, the seizure and destruction of legal documents, being locked in a room, or the inability to attend religious services. Plaintiff may amend his complaint to name specific Butner officers or employees who deprived him of his rights as set forth in these claims. Plaintiff has until October 14, 2011 to amend his complaint to provide the names of any such individuals, and must specifically explain how any such individuals were involved in the actions of which he complains. Plaintiff's failure to comply will result in the dismissal of these claims. Plaintiff is further warned that amendment of his complaint is limited to naming these individuals and explaining how they were involved in actions of which he complains. He may not name other individuals not involved in the claims or make additional allegations.

Next, the court addresses Ballard's motion for an emergency temporary protective order and for an emergency preliminary injunction [D.E. 4]. Ballard seeks preliminary injunctive relief "to get out of isolation" and to be "returned to my room in the civil detainee Commitment and Treatment Program Unit[,]" to prevent "the defendants from further harassing me or taking my property[,]" and "to prevent the defendants in this case, and the United States Attorney's Office [in the civil commitment action against Ballard] from continuing to disclose or possess the confidential legal research information, confidential attorney/client records, and the California State Court sealed records." [D.E. 4]; [D.E. 7–8]. The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary

4

restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Ballard has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Ballard has failed to meet his burden of proof. Moreover, to the extent Ballard challenges the use of certain evidence against him in the pending commitment action, he may file (through counsel) a motion in limine in the commitment action. Accordingly, the court denies Ballard's motion for an emergency temporary protective order and for an emergency preliminary injunction [D.E. 4].

To the extent Ballard seeks appointment of counsel, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Ballard's abilities do not present exceptional circumstances. Accordingly, the court denies

5

Ballard's requests for appointment of counsel.

In sum, the court DENIES plaintiff's motion for an emergency temporary protective order and for an emergency preliminary injunction [D.E. 4] and DENIES plaintiff's request for counsel [D.E. 6, 7]. The court allows plaintiff's complaint to proceed, but defendant Revell is hereby DISMISSED. Plaintiff is DIRECTED to amend his complaint to name any additional defendants and explain their role(s) in plaintiff's additional claims not later than October 14, 2011. Plaintiff is warned that his failure to comply will result in the dismissal of these claims. The Clerk of Court is DIRECTED to maintain management of this action, and to refer plaintiff's in forma pauperis application to Magistrate Judge William A. Webb.

SO ORDERED. This 17 day of September 2011.

JAMES C. DEVER III
United States District Judge

6