IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3042-D

| | | |
|---|---|---|
| JOHN MARVIN BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRACY JOHNS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On February 28, 2011, John Marvin Ballard ("Ballard" or "plaintiff") commenced this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. On September 27, 2011, the court reviewed the complaint pursuant to 28 U.S.C. § 1915, allowed the action to proceed in part, and directed Ballard to particularize his complaint [D.E. 9]. On September 27, 2011, Magistrate Judge William A. Webb granted Ballard's application to proceed in forma pauperis, and directed the clerk to issue summonses for service [D.E. 10]. On September 29, 2011, the clerk issued summonses, and on October 5, 2011, the United States Marshals Service filed a return of service as to the United States Attorney's Office [D.E. 11–12]. On October 13, 2011, Ballard filed an amended complaint [D.E. 13]. On October 19, 2011, the court reviewed Ballard's amended complaint, allowed Ballard to

> proceed with his claims concerning telephone and mail restrictions, being placed in administrative segregation without due process, and the inability to attend religious services against defendant Johns, along with his claim concerning the seizure and destruction of legal documents against the newly-named defendant J. Godwin, and his previous claims concerning issues with his mail against Johns, Steinour, Gregory and McKoy,

and directed the clerk to issue summons for service on defendant Godwin. [D.E. 14] 3.

On December 2, 2011, all defendants sought an extension of time to answer the complaint [D.E. 19]. On December 5, 2011, the clerk granted the extension and allowed defendants until January 3, 2012 to respond to the complaint [D.E. 20]. On December 6, 2011, Ballard filed an opposition to the extension of time [D.E. 21] and a motion for a temporary restraining order [D.E. 22]. On December 8, 2011, Ballard filed a motion for reconsideration of the order granting an extension of time and to correct typographical errors in a prior court order [D.E. 23].[1] On December 19, 2011, Ballard filed an "ex parte emergency motion" [D.E. 24]. On January 10, 2012, defendants filed a motion to respond to the complaint out of time [D.E. 25], along with a motion to dismiss or for summary judgment [D.E. 26], a supporting memorandum [D.E. 27], and the declaration of Lynnell Cox [D.E. 28]. Because defendant attached materials that are outside the scope of the pleadings, the court construes the motion as a request for summary judgment. See Fed. R. Civ. P. 12(d). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Ballard about the motion, the consequences of failing to respond, and the response deadline [D.E. 29]. On January 13, 2012, Ballard moved for summary judgment [D.E. 30]. On January 23, 2012, Ballard responded in opposition to defendants' motion to respond to the complaint out of time [D.E. 31]. On February 2, 2012, having obtained an extension of time [D.E. 32–33], Ballard responded in opposition to defendants' motion for summary judgment [D.E. 34]. On March 19,

---

[1] Federal Rule of Civil Procedure 60(a) permits the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Ballard seeks to correct the caption of the court's September 27, 2011 order to reflect that he has not named the Federal Medical Center as a defendant, and to correct his misidentification as "Thomas" in line six of that order. [D.E. 23] 1. Ballard is not identified as Thomas on line six of the September 27, 2011 order, but is so identified on line seven. The court observes that Ballard is also misidentified as Thomas in line three of the order. The court grants Ballard's motion to correct the order, and amends its prior order [D.E. 9] to reflect a corrected caption without the Federal Medical Center, and to correctly identify Ballard in lines three and seven of the order.

2012, Ballard filed an "emergency petition for writ of mandamus" [D.E. 35].

I.

First, the court addresses defendants' motion to respond to the complaint out of time. Defendants acknowledge that they were required to respond to the complaint on or before January 3, 2012, but cite "an administrative oversight" in failing to meet that deadline. [D.E. 25] 1. Ballard objects to any further extension, noting that he opposed the previous extension and that "Attachment 1 of Lynnell Cox's declaration has printouts dated January 9, 2012, time stamped at 11:28:45." [D.E. 31] 1–2.

"When an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Whether neglect is excusable "is at bottom an equitable [determination], taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

Taking into account the relevant circumstances, defendants have demonstrated excusable neglect. This action is still in its early stages, and Ballard will suffer no prejudice by the late filing of the motion. Moreover, the length of the delay is negligible, and the potential impact on the judicial proceedings—entering default judgment against defendants—runs counter to the Fourth Circuit's "longstanding policy in favor of merits-based adjudication . . . ." Colleton Prep. Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 n.3 (4th Cir. 2010). Accordingly, the court allows defendants' motion to respond to the complaint out of time [D.E. 25], and the motion for summary

3

judgment filed on January 10, 2012 [D.E. 26], is hereby deemed timely filed. To the extent Ballard seeks default judgment or summary judgment against defendants for their untimely filing, [D.E. 22, 30], or reconsideration of the clerk's prior order granting defendants an extension of time [D.E. 23], the court denies the motions.

Next the court addresses defendants' motion for summary judgment. In considering the motion for summary judgment, the court views the evidence in the light most favorable to plaintiff and applies well-established principles under Rule 56 of the Federal Rules of Civil Procedure. See, e.g., Fed. R. Civ. P. 56; Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325–26 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–55 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson, 477 U.S. at 247–48. The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 325. Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact for trial. See Matsushita, 475 U.S. at 587. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. In evaluating affidavits submitted in support of or in opposition to a motion for summary judgment, the court may reject inadmissible evidence (such as hearsay) described in such affidavits. See Fed. R. Civ. P. 56(c); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996).

Ballard is a civil detainee, confined at the Federal Correctional Complex in Butner, North Carolina ("Butner") awaiting a hearing on the government's petition for his commitment pursuant

4

to 18 U.S.C. § 4248. See [D.E. 1] 2–3. Ballard raises multiple claims arising from his detention at Butner, including claims concerning telephone restrictions, the seizure and destruction of legal documents, being placed in administrative segregation without due process, the inability to attend religious services, and issues with his mail. [D.E. 1] 3–4; [D.E. 4, 6–7]; [D.E. 9] 3.

Defendants seek dismissal because Ballard failed to exhaust his administrative remedies. Def.'s Mem. Supp. Mot. Summ. J. [D.E. 27] 3–9. Failure to exhaust administrative remedies is an affirmative defense that a defendant must plead and prove. See, e.g., Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005). Defendants have submitted evidence indicating that Ballard filed six grievances while detained at Butner after completing his term of incarceration.[2] Cox Decl. [D.E. 28] ¶ 5 & Att. 1. Additionally, Ballard filed a grievance on April 27, 2010, "alleging that a former staff member . . . confiscated Ballard's personal property," a claim for which Ballard fully exhausted his administrative remedies, but not alleging "any constitutional violations against any of the individual[s] named in this case." Id. ¶ 6 & Att. 2. Of the grievances Ballard filed after he completed his term of incarceration, Ballard fully exhausted a grievance "requesting to review books that were rejected," but did not "allege any constitutional violations against any of the individual[s] named in this case." Id. ¶ 7 & Att. 3. Ballard filed three of the grievances "directly with the Mid-Atlantic Regional Office . . . [which] rejected [them] because . . . Ballard did not first pursue any of them at the institution level." Id. ¶ 8 & Att. 1.

The Prison Litigation Reform Act of 1995 ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . . or any other Federal law, by a

---

[2] Although defendants have offered evidence of nine grievances, Ballard objects to the court's consideration of any grievance filed before October 14, 2010, the date he completed his term of incarceration. Pl.'s Resp. Opp'n Mot. Summ. J. [D.E. 34] 2.

5

prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 84–85 (2006). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, a prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 741 (2001). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007).

As defendants acknowledge, Ballard is a civil detainee.[3] As such, he is not subject to the PLRA's mandatory exhaustion requirements. See Hicks v. James, 255 F. App'x 744, 748 (4th Cir. 2007) (per curiam) (unpublished) (collecting cases); Michau v. Charleston Cnty., S.C., 434 F.3d 725, 727–28 (4th Cir. 2006) (holding that a person detained under South Carolina's Sexually Violent Predator Act "does not meet the PLRA's definition of 'prisoner,'" and thus that the PLRA's requirements do not apply to his claims). Nonetheless, defendants urge the court to require exhaustion. In support, defendants cite McCarthy v. Madigan, 503 U.S. 140 (1992), for the proposition that "where Congress has not clearly required exhaustion, sound judicial discretion governs." Id. at 144. Defendants' argument, however, is foreclosed by the Fourth Circuit's repeated holding to the contrary. See, e.g., Hicks, 255 F. App'x at 748; Michau, 434 F.3d at 727–28; see also Talamantes v. Leyva, 575 F.3d 1021, 1024 (9th Cir. 2009). Thus, the court denies defendants' motion for summary judgment.

---

[3] Proceedings under 18 U.S.C. § 4248 are civil, not criminal actions. See United States v. Timms, 664 F.3d 436, 456 (4th Cir. 2012); United States v. Broncheau, 645 F.3d 676, 683 (4th Cir. 2011).

6

Finally, the court addresses Ballard's emergency motions for temporary restraining orders or injunctions, and petition for writ of mandamus [D.E. 22, 24, 35]. Ballard asserts that he is being investigated and held in segregation without due process in a cell with a video camera "which allows for the observance of his every action," constituting a deprivation of his privacy. [D.E. 22] 1–2; see [D.E. 24] 1–2; [D.E. 35] 1–2.

The standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Ballard has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Ballard has failed to meet his burden of proof. Moreover, to the extent Ballard seeks to continue to amend his complaint to add new claims and defendants, see, e.g., [D.E. 35], he may not do so. Federal Rule of Civil Procedure 20(a)(2) states that

> [p]ersons . . . may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) does not give to a plaintiff a license to join multiple defendants in a single lawsuit when the plaintiff's claims against the defendants are unrelated. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997); Robinson v. Johnson, Civil Action No. 3:07CV449, 2009 WL 874530, at *1 (E.D. Va. Mar. 26, 2009) (unpublished); Showalter v. Johnson, Civil Action No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009) (unpublished). Accordingly, the court denies Ballard's motions [D.E. 22, 24, 35].

II.

In sum, the court GRANTS defendants' motion to respond out of time [D.E. 25], and DENIES defendants' motion to dismiss or for summary judgment [D.E. 26]. The court GRANTS IN PART plaintiff's motion [D.E. 23], only to the extent it seeks corrections to the court's September 27, 2011 order [D.E. 9], and DIRECTS the clerk to amend the docket entry for that order to reflect the corrections. The court DENIES plaintiff's remaining motions [D.E. 22, 24, 30, 35].

SO ORDERED. This 11 day of July 2012.

JAMES C. DEVER III
Chief United States District Judge

8