IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3042-D

| | |
|---|---|
| JOHN MARVIN BALLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TRACY JOHNS, et al., ) | |
| ) | |
| Defendants. ) | |

On February 28, 2011, John Marvin Ballard ("Ballard") filed this action pro se pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Compl. [D.E. 1]. Ballard is a civil detainee confined at the Federal Correctional Institution in Butner, North Carolina, awaiting a hearing on the government's petition for his commitment pursuant to 18 U.S.C. § 4248. Compl. [D.E. 1] 3; see United States v. Ballard, No. 5:10-HC-2155-D (E.D.N.C.). Ballard has counsel in the section 4248 proceeding. The section 4248 hearing will begin on February 11, 2013. Ballard, No. 5:10-HC-2155-D [D.E. 95–96] (E.D.N.C.).

On January 16, 2013, Ballard filed a pro se motion for a temporary restraining order and preliminary injunction in this Bivens case [D.E. 55], seeking to "prevent[] the defendants from transferring [him] from the *civil* custody of the Bureau of Prisons without a *court order* or arrest warrant." Mot. TRO 1 (emphases in original). Specifically, Ballard requests:

> 1. That he "not . . . be transported by the U.S. Marshals Service or any contract guard service . . . *for any purpose*."
> 2. That he "not . . . be housed by the U.S. Marshals Service."
> 3. That he "not . . . be transferred to any jail or prison facility while civilly detained[.]"

> 4. That he "not . . . be demeaned or prevented from wearing appropriate clothing for his civil commitment trial."
> 5. That he "not . . . be placed in the . . . holding cells for prisoners at the courthouse during his civil commitment trial."
> 6. That he "not . . . be restrained in the courthouse or courtroom, and minimal restraints should be used for his transportation to and from court."

Id. (emphasis in original). On January 31, 2013, Ballard filed a supplemental memorandum in support of his motion [D.E. 57].

The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). A temporary restraining order "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Id. at 22. Ballard has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent the requested injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. See, e.g., Allison v. Snyder, 332 F.3d 1076, 1079 (7th Cir. 2003); Noonkester v. Tehama Cnty. Sheriff, No. 2:06-cv-00306-AK, 2011 WL 2946360, at *3 (E.D. Cal. July 21, 2011) (unpublished) (Kozinski, J.); Munoz v. Kolender, 208 F. Supp. 2d 1125, 1143–45 (S.D. Cal. 2002). Thus, Ballard has not met his burden of proof. Moreover, the relief that Ballard seeks exceeds the scope of his Bivens claims, and may be addressed to the court at his section 4248 hearing. See, e.g., Timms v. Johns, 627 F.3d 525, 532 (4th Cir. 2010); Archuleta v. Hedrick, 365 F.3d 644, 649 (8th Cir. 2004). Accordingly, the court denies plaintiff's motion for a temporary restraining order and preliminary injunction.

In sum, the court DENIES plaintiff's motion for a temporary restraining order and preliminary injunction [D.E. 55]. All other motions [D.E. 43, 47, 48, 52, 56] remain pending.

SO ORDERED. This _6_ day of February 2013.

JAMES C. DEVER III
Chief United States District Judge